IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 05-1 Erie |
| ) | |
| JAWUAN DUPREE LYONS    ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Jawuan Dupree Lyons, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Position With Respect to Sentencing Factors. In support thereof Counsel states:

Paragraph 33

This paragraph originally assigned 3 criminal history points for a juvenile adjudication for receiving stolen property, terroristic threats, and disorderly conduct. However, the probation office has acknowledged that, at most, Mr. Lyons should receive 2 criminal history points for this adjudication pursuant to U.S.S.G. § 4A1.2(d)(2)(A). Addendum to the Presentence Report. Mr. Lyons objects to receiving 2 points for this adjudication as his placement at the Glenn Mills School is not a sentence of confinement.

The assignment of criminal history points to Mr. Lyons' juvenile adjudication for receiving stolen property, terroristic threats, and disorderly conduct is governed by U.S.S.G. § 4A1.2(d). Subsection (1) of § 4A1.2(d) states that if the juvenile was convicted as an adult and received a sentence of imprisonment exceeding one year and one month 3 criminal history points are added under § 4A1.1(a). That section does not apply here because Mr. Lyons was not convicted as an adult but rather adjudicated delinquent as a juvenile. Accordingly, it is § 4A1.2(d)(2) that controls.

That section states in pertinent part:

> (2) In any other case,
> 
> (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;
> 
> (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

Implicit in the probation office's assignment of 2 criminal history points to this adjudication is the assumption that a placement in to Glen Mills School is the equivalent of a "sentence of confinement" as that term is used in U.S.S.G. § 4A1.2(d)(2)(A). This assumption is incorrect. The Third Circuit has held that the phrase "sentence of confinement" as used in § 4A1.2(d)(2) has the same meaning as the phrase "term of imprisonment" as used in §§ 4A1.1 and 4A1.2(d)(1). United States v. Davis, 929 F.2d 930, 933 (3rd Cir. 1991). The Sentencing Guidelines do not include sentences to community treatment centers or halfway houses as "sentences of imprisonment." United States v. Pielago, 135 F.3d 703, 712 (11th Cir. 1998)("[A] term of confinement in a community treatment center, like residency in a halfway house, is not a 'sentence of imprisonment' for purposes of ¶ 4A1.1"); United States v. Latimer, 991 F.2d 1509, 1511 (9th Cir. 1993)(Holding that only one point should be assessed for a sentence to a community treatment center); See U.S.S.G, ¶ 4A1.1, Background, noting that "Subdivisions (a), (b) and (c) of § 4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentence of at least sixty days, **and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a half way house**." (Emphasis supplied). Because placement at Glenn Mills School is more akin to placement in a community treatment

center or halfway house than a sentence of incarceration, Mr. Lyons' placement at Glenn Mills School was not a sentence of confinement as defined by the guidelines.

According to Carol O'Brien from the Glen Mills Admissions Office, Glen Mills is a private residential facility for juvenile delinquents. As a private residential facility, Glen Mills has the option of rejecting any juvenile recommended for placement at the school by a juvenile court judge. The students are allowed home visits from the facility, if they have earned them, and may also participate in one of 15 varsity sports teams that play a regular schedule, including traveling to away games. The Erie County Juvenile Probation Office has a contract with Glen Mills for the placement of juveniles from Erie County at Glen Mills, subject to Glen Mills' acceptance of the juvenile.

According to Robert Blakely, the head of the Erie County Juvenile Probation Office, Glenn Mills is considered a residential treatment facility. Mr. Blakely, will testify at sentencing, and explain that Glenn Mills sets on over one hundred acres, has its own 18-hole golf course, and has multiple competitive sport teams The young men sent to the facilities stay in dormitories, and can earn home visits through good behavior. Mr. Blakely confirmed that Erie County Juvenile Probation's contract with Glenn Mills allows Glenn Mills to refuse to accept any juvenile it does not deem qualified for its program.

The situation at Glenn Mills is in marked contrast to the secure detention facilities operated by the Commonwealth of Pennsylvania Department of Public Welfare. www.dpw.state.pa.us/Child/Juvenile/Delinq. These facilities are available for use by juvenile court judges when it is determined that a juvenile must be sentenced to confinement. Mr. Blakely will explain that Glen Mills School is an alternative to the use of these highly secured detention facilities. As such, Glen Mills School is analogous to halfway house and community confinement

sentences in the adult criminal justice system. Accordingly, pursuant to § 4A1.2(d)(2)(B), Mr. Lyons should receive only one criminal history point in paragraph 33.

The probation office rejects Mr. Lyons' objection, although it agrees with the description of Glenn Mills as a private residential treatment facility. Addendum to the Presentence Report. The probation office insists that a placement at Glenn Mills is a sentence of confinement because if a juvenile ordered placed at Glenn Mills left the school without permission the juvenile would be charged with escape "and/or an attachment order (warrant) would have been issued for his arrest."

This reasoning is clearly incorrect as it would convert any adult sentence to confinement in a halfway house or residential treatment facility into a term of imprisonment, a position specifically rejected by the guidelines. As discussed above, the guidelines distinguish sentences to halfway houses and community treatment facilities from terms of imprisonment. See Pielago, 135 F.3d at 712. This is true despite the fact that a defendant sentenced to serve a period of confinement at a halfway house or residential treatment facility is not free to leave the facility at their own discretion. Leaving a halfway house or a community treatment center without approval can, and does, lead to charges and convictions for escape. See, U.S.S.G. § 2P1.1 (calling for decrease in offense level for escape if the escape was "from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility"). Accordingly, the determinative fact in deciding whether a prior sentence was a term of imprisonment or confinement in a halfway house or community treatment facility cannot be that the defendant can not leave the facility without permission.

The proper way to determine if a juvenile sentence amounts to a "sentence of confinement," which means a "sentence of imprisonment," is to look at the conditions at the facility were the

sentence was served and determine if the facility is more akin to prison or a treatment facility. Since Glenn Mills is a residential treatment facility, as opposed to the secure juvenile detention facilities run by the Department of Public Welfare, a juvenile placement to Glenn Mills is not a sentence of confinement. Accordingly, Mr. Lyons may only be assessed 1 criminal history point for this juvenile adjudication pursuant to §§ 4A1.2(d)(2)(B) and 4A1.1(c).

Paragraph 41

Mr. Lyons' subtotal criminal history score should be 3.

Paragraph 42

Because the adjudication listed in paragraph 33 did not involve a sentence of confinement, and receives one criminal history point pursuant to § 4A1.1(c) Mr. Lyons can not receive two criminal history points for committing the offense less than 2 years following his release from Glen Mills School pursuant to § 4A1.1(e).

Paragraph 43

Based upon the prior objections, Mr. Lyons' total criminal history points should be 3 which results in a criminal history category of II.

Paragraph 66

Based upon a total offense level of 25 and a criminal history category II, the advisory guideline range for imprisonment is 63-78 months.

II. THE APPROPRIATE SENTENCE IN THIS CASE.

When properly calculated, Mr. Lyons is facing a guideline imprisonment range of 63-78 months and a mandatory minimum sentence of 60 months. Mr. Lyons has never before served a term of imprisonment. Mr. Lyons respectfully submits that a term of 60 months is more than

adequate to punish him for his offense and deter him, and others, from committing similar offenses. A five-year term of imprisonment for an individual who has never before served a day of incarceration is significant. Furthermore, a five-year sentence will allow Mr. Lyons to take advantage of the drug treatment he obviously needs.

WHEREFORE, defendant, Jawuan Dupree Lyons, respectfully requests that this Honorable Court impose a sentence of 60 months imprisonment.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653