IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA           )
                                   )
              v.                   )  Criminal No. 05-01 Erie
                                   )
JUWUAN DUPREE LYONS                )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

In December 2001 Lyons was adjudicated delinquent for receiving stolen property, terroristic threats and disorderly conduct. This adjudication is referenced in paragraph 33 of the pre-sentence report. As a result of this adjudication, Lyons was committed by the Erie County Juvenile Court, to the Glen Mills school, a juvenile placement facility, where he remained for over a year. Lyons then returned to the supervision of the Erie County Juvenile Probation Department for almost five months after his release from Glen Mills.

Lyons argues that the pre-sentence report incorrectly assigns two criminal history points to his December 2001 juvenile adjudication because his placement at Glen Mills was not a sentence of confinement under U.S.S.G. § 4A1.2(d)(2)(A).  Lyons is mistaken.

In support of his argument Lyons relies chiefly on United States v. Davis, 929 F.2d 930, 933 (3rd Cir. 1991).  Lyons points to dicta in Davis where the Third Circuit indicates the phrase "sentence of confinement" in U.S.S.G. §4A1.2(d)(2) has the same meaning as the phrase "term of imprisonment" as used elsewhere in the Sentencing Guidelines.  Lyons conspicuously fails to mention, however, that the Davis court held that the defendant's placements at Glen Mills, the same facility at issue here, qualified for the two criminal history points called for in U.S.S.G. § 4A1.2(d). Davis, 929 F.2d at 933.  Hence, Lyons' reliance on Davis is entirely misplaced as the holding in Davis directly refutes his argument.

All of the additional cases also cited by Lyons are then of no consequence in light of the Davis decision.  This Court has no reason to inquire into the particulars of the Glen Mills facility in light of the Third Circuit's holding in Davis that a sentence which includes a placement at Glen Mills is a sentence of confinement under U.S.S.G. § 4A1.2(d).

Indeed, according to the Ninth Circuit, the appropriate inquiry is not whether a juvenile sentence is equivalent to prison

2

but whether placement at a juvenile facility is "a sentence to confinement." <u>United States v. Williams</u>, 891 F.2d 212, 216 (9th Cir. 1989). In <u>Williams</u>, the Ninth Circuit held that a commitment to "juvenile hall" was a sentence of confinement because the juvenile was not free to leave. Despite the fact that "the purpose of juvenile sentencing is rehabilitative rather than strictly punitive," the critical aspect for the <u>Williams</u> court was the deprivation of liberty. Here, Lyons was not free to leave Glen Mills. If he had done so without permission he would have been subject to harsh sanctions. Therefore, since his liberty was plainly curtailed by his year long placement at Glen Mills, his time there was a confinement sentence.

The Tenth Circuit also disagrees with the position advanced by Lyons. In <u>United States v. Birch</u>, 39 F.3d 1089, (10th Cir. 1994), the Tenth Circuit held that "a defendant's placement into the custody of the state secretary of social and rehabilitation services was a 'confinement' within the meaning of U.S.S.G. § 4A1.2(d)(2)(A)." The defendant was "involuntarily" sent to the "Larned Youth Center" where he was not free to leave. Therefore, according to the Tenth Circuit he was in confinement. <u>See</u> <u>United States v.Fuentes</u>, 991 F.2d 700,702 (11th Cir. 1993); <u>United States v. Kirby</u>, 893 F.2d 867, 868 (6th Cir. 1990); <u>United States v. Hanley</u>, 906 F.2d 1116 (6th Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 945 (1990). Plainly, based on the foregoing case law Lyons'

December 2001 commitment to Glen Mills was a sentence of confinement under U.S.S.G. § 4A1.2(d)(2)(A) and two criminal history points were properly assessed for this adjudication.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013