IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-1 Erie |
| | ) |
| JAWUAN DUPREE LYONS | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, Jawuan Dupree Lyons, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Reply to the Government's Response to his Position With Respect to Sentencing Factors. In support thereof Counsel states:

The Third Circuit's holding in United States v. Davis, 929 F.2d 930 (3rd Cir. 1991) does not control the outcome of this case. The issue in this case is whether or not a juvenile placement at Glenn Mills School is the equivalent of a sentence to a halfway house which does not qualify as a term of imprisonment, or the equivalent of a sentence of incarceration which does qualify as a term of imprisonment. This issue was not raised in Davis, and, therefore, it was not ruled upon by the Court. In an adversarial system such as our own, courts only rule on the issues presented to them by the parties. Opinions issued by courts in adversarial systems are controlling only on the issues actually decided by the court in issuing the opinion. A case from the Supreme Court and a case from the Third Circuit illustrate the point.

In United States v. Booker, 125 S.Ct. 738, 753-54 (2005), the Supreme Court found that the Sentencing Guidelines violated defendants' Sixth Amendment right to a trial by jury. In arguing against this outcome, the United States argued that the Court had previously held the guidelines

constitutional in United States v. Dunnigan, 507 U.S. 87, 113 S.Ct. 1111 (1993); Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199 (1995); United States v. Watts, 519 U.S. 148, 117 S.Ct. 633 (1997)(per curiam); and Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475 (1998), and, therefore, the issue of the guidelines' constitutionality was settled. Booker, 125 S.Ct. at 753. The Supreme Court summarily rejected the argument because none of those cases raised the Sixth Amendment challenge, and thus the Court had not ruled upon it. Id. at 753-54.

In United States v. Bennett, 100 F.3d 1105, 1107 (3rd Cir. 1996), the defendant argued that a conviction under Pennsylvania's burglary statute did not automatically constitute a crime of violence for purposes of the Armed Career Criminal Act because the statute was broader than the "generic" burglary offense defined by Congress in the Act. The government argued that the issue was controlled by the Third Circuit's opinion in United States v. Watkins, 54 F.3d 163 (3rd Cir. 1995), in which the Circuit had stated in a footnote that Pennsylvania's burglary statute defined burglary consistently with generic burglary as defined in the Act. Id. at 1109. The Third Circuit rejected this argument, stating that the only issue raised in Watkins was whether a sentencing court had to be presented with certified copies of the judgment of conviction for each of defendant's predicate offenses before it could apply the ACCA. Because the defendant had not raised the issue of whether or not Pennsylvania's burglary statute was broader than generic burglary, the statement in Watkins on the issue was not controlling.

As Booker and Bennett make clear, if an opinion does not address a specific issue, that opinion is not binding on that issue. Davis never addressed the issue of whether a juvenile placement at Glenn Mills School is a term of imprisonment versus a placement in a treatment center. Accordingly, it is not controlling on that issue.

Davis **is** controlling for the proposition that the term "sentence to confinement" has the same meaning as the term "sentence of imprisonment." Contrary to the government's claim, this finding was not dicta. Black's Law Dictionary defines obiter dictum as follows:

> obiter dictum. [Latin "something said in passing"] A judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive). -- Often shortened to dictum or, less commonly, obiter. Pl. obiter dicta. See DICTUM. Cf. HOLDING (1); RATIO DECIDENDI. [Cases: Courts 92. C.J.S. Courts §§ 142-143.] "Strictly speaking an 'obiter dictum' is a remark made or opinion expressed by a judge, in his decision upon a cause, 'by the way' -- that is, incidentally or collaterally, and not directly upon the question before the court; or it is any statement of law enunciated by the judge or court merely by way of illustration, argument, analogy, or suggestion.... In the common speech of lawyers, all such extrajudicial expressions of legal opinion are referred to as 'dicta,' or 'obiter dicta,' these two terms being used interchangeably." William M. Lile et al., Brief Making and the Use of Law Books 304 (3d ed. 1914).

The Third Circuit's finding in Davis that the term "sentence to confinement" has the same meaning as the term "sentence of imprisonment" was not unnecessary to the decision in the case. To the contrary, the Court's ultimate holding that the juvenile placements in that case qualified as terms of imprisonment was "[b]ased on" the Court's analysis of the meaning of the term "sentence to confinement." Davis, 929 F.2d at 933. Accordingly, this Court is bound by the Third Circuit's holding in Davis that the term "sentence to confinement" has the same meaning as "sentence of imprisonment."

Judge Standish has addressed the issue of whether juvenile placement in a facility like Glenn Mills is a term of imprisonment, or a sentence to a halfway house that does not qualify as a term of imprisonment. In United States v. McAdoo, Crim. No. 02-182, the probation office had given the defendant two criminal history points for a juvenile adjudication that resulted in the defendant's placement at the Children's Aid Home and, following his absconding from that

facility, his placement at the Auberle Home for Boys for a combined 15 months. See Defendant's Exhibit A, p.4. The defendant argued that placement at the Children's Aid Home and the Auberle Home for Boys was the equivalent of a placement at a halfway house and therefore not counted as a sentence of imprisonment. Judge Standish agreed, finding that the juvenile placement was more akin to a sentence to a halfway house or community confinement center. This Court should do the same.

None of the cases cited by the government in support of its position even discuss the fact that a sentence to a halfway house, or its equivalent, does not qualify as a term of imprisonment. Accordingly, those cases are not on point and this Court need not follow them.

WHEREFORE, defendant, Jawuan Dupree Lyons, respectfully requests that this Honorable Court impose a sentence of 60 months imprisonment.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653