IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVE
APR 1 8 2003

UNITED STATES OF AMERICA          )
                                  )
          vs.                     )    Criminal No. 02-182
                                  )
GREGORY ALLEN McADOO             )

### TENTATIVE FINDINGS

AND NOW, this __17th__ day of April, 2003, the defendant,
Gregory Allen McAdoo, has pleaded guilty to Counts Two and Three
of Indictment No. 02-182 in which he was charged with armed bank
robbery in violation of 18 U.S.C. § 2113(d) and using a dangerous
weapon during a crime of violence in violation of 18 U.S.C.
924(c)(1), respectively. The United States Probation Office has
prepared a presentence report for defendant dated March 17, 2003,
and the parties have filed their "Positions with respect to
Sentencing Factors."

The government has no objections, additions or
modifications to the presentence report. However, defendant
objects to (a) certain statements made by the Probation Officer
in paragraph 19 of the presentence report concerning the loss in
this case, (b) the computation of his criminal history score,[1]
and (c) the computation of the amount of restitution owed to the
victim of these offenses, Marion Center Bank. Defendant also
asserts that there are grounds supporting a downward departure

_____

1. Based on the Probation Officer's calculation, defendant's
criminal history score is 11, resulting in a criminal history
category of V.

from the applicable range of imprisonment in this case under the
United States Sentencing Guidelines (the Guidelines).
Specifically, defendant maintains that his criminal history
category overrepresents the seriousness of his prior criminal
history and the likelihood that he will commit crimes in the
future.  After consideration, the court makes the following
tentative findings in connection with the objections raised by
defendant:

I

In paragraph 19 of the presentence report, relating to
Specific Offense Characteristic, the Probation Officer indicates
that the amount of money taken from the bank by defendant during
the armed robbery was $6,610.00.  However, because this loss did
not exceed $10,000, the Probation Officer did not increase
defendant's offense level.  Nevertheless, the Probation Officer
notes that, if the value of the stolen car that was used in the
bank robbery ($24,000) was taken into consideration, the amount
of loss would exceed $30,000 and result in a one-level increase
in defendant's offense level under Section 2B3.1(b)(7)(B) of the
Guidelines.[2]  The Probation Officer further notes that the United

---

2. Under Section 2B3.1(b)(7)(A) of the Guidelines, relating to
loss arising out of a robbery, there is no increase in a
defendant's offense level if the loss is less than $10,000.
However, under Section 2B3.1(b)(7)(B), losses between $10,000 and
$50,000 result in a one-level increase in a defendant's offense
level.

2

States Court of Appeals for the Eighth Circuit has held that the value of a stolen vehicle could be used in calculating the amount of loss in a case (*see United States v. Powell*, 283 F.3d 946 (8th Cir.2002)), while the United States Court of Appeals for the First Circuit has declined to add the value of a stolen vehicle in calculating the amount of loss in a case (*see United States v. Austin*, 239 F.3d 1 (1st Cir.2001)). The Probation Officer then states: "This Court may want to consider the issue and make a ruling in this matter."

After consideration, the court agrees with defendant that the value of the stolen vehicle used in the bank robbery to which he has pleaded guilty should not be included in the calculation of the loss in this case. As noted by defendant, the United States Court of Appeals for the Third Circuit has not held that such inclusion is proper. Moreover, when defendant agreed to plead guilty to Counts Two and Three of the indictment, he did not expect the value of the stolen vehicle to be included in the loss calculation. In addition, it is not clear that the vehicle was stolen by defendant in preparation for the bank robbery. Finally, it appears that charges are pending against defendant in state court in connection with the theft of the car that was used in the bank robbery. Under the circumstances, defendant's objection to the additional information set forth by the

3

Probation Officer in paragraph 19 of the presentence report will
be sustained.

II

Paragraph 30 of the presentence report indicates that,
on March 6, 1997, defendant, who was sixteen years old at the
time, was charged in Indiana County Juvenile Court with theft by
unlawful taking, unauthorized use of an automobile, receiving
stolen property and firearms not to be carried without a license.
Paragraph 30 further indicates that, on March 14, 1997, defendant
was adjudged delinquent as to all charges and committed to the
Children's Aid Home; that, after absconding from the Children's
Aid Home, defendant was committed to the intensive treatment
program at the Auberle Home for Boys on October 24, 1997; and
that he was released from this placement on March 24, 1999.
Based on the sentence imposed upon defendant for this juvenile
delinquency adjudication, the Probation Officer assigned two
criminal history points to defendant under Section 4A1.2(d)(2)(A)
of the Guidelines.

With respect to the assignment of criminal history
points for offenses committed prior to the age of 18, Section
4A1.2(d) of the Guidelines provides:

> 4A1.2.    **Definitions and Instructions for Computing
> Criminal History**
>
> \*    \*    \*
>
> (d)    **Offenses Committed Prior to Age Eighteen**

4

(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under §4A1.1(a) for each such sentence.

(2) · In any other case,

    (A) add 2 points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense.

    (B) add 1 point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

\*     \*     \*

Defendant asserts that the Probation Officer erroneously assigned two criminal history points to him under Section 4A1.2(d)(2)(A) in paragraph 30 of the presentence report because the sentence imposed for the delinquency adjudication discussed in that

5

paragraph did not constitute a sentence of "confinement."[3]  Thus,
Section 4A1.2(d)(2)(A) is inapplicable.

In response, the Probation Officer contends that the
assignment of two criminal history points to defendant in
paragraph 30 of the presentence report was proper, noting that
children are placed in the Children's Aid Home and the Auberle
Home for Boys pursuant to court order; that they are not
discharged from such placement until the court order is modified
or vacated; that children committed to these facilities are not
free to come and go at will; that the police are notified when
children leave the facilities without permission; and that, when
found, children are returned to these facilities pursuant to the
court orders that originally placed them in the facilities.

After consideration, the court agrees with defendant
that the Probation Officer's assignment of two criminal history
points in paragraph 30 of the presentence report was erroneous.
As noted by defendant, neither the Children's Aid Home nor the
Auberle Home for Boys are locked down facilities.  While placed

---

3. Based on this assertion, defendant further argues that, under
Section 4A1.2(d)(2)(B), he should not be assigned any criminal
history points for the juvenile delinquency adjudication because
the sentence discussed in paragraph 30 of the presentence report
was not imposed within five years of the commencement of the
instant offense.  In this connection, the juvenile sentence at
issue in paragraph 30 of the presentence report was imposed on
March 14, 1997, and defendant committed the bank robbery that is
the subject of this indictment on March 16, 2002.  Therefore, the
instant offense occurred two days outside the five-year
limitation period set forth in Section 4A1.2(d)(2)(B).

6

at either facility, children are permitted to leave to attend
school, visit family and work. With respect to the Probation
Officer's argument that children are placed in these facilities
pursuant to court orders, sentences to halfway houses and
community confinement centers also are imposed pursuant to court
orders. Nevertheless, such sentences are not considered
sentences of confinement under the guidelines. See U.S.S.G.
§ 4A1.1 Background. Under the circumstances, defendant's
objection to the calculation of his criminal history score is
sustained, and his criminal history score is reduced to 9,
resulting in a criminal history category of IV.

### III

Turning to the issue of restitution, in paragraph 79 of
the presentence report, the Probation Officer indicates that
restitution in the amount of $5,481.00 is owed to the victim of
the instant offenses, Marion Center Bank. This figure includes
(a) $1,481.00 in unrecovered funds from the robbery itself, (b)
expenses of $1,200.00 incurred by the bank for professional
counseling services for its employees who were in the bank at the
time of the robbery, and (c) $2,800.00 in estimated hours lost by
the bank due to employees who were unable to perform their jobs
after the robbery. See Presentence Report, ¶ 12. Defendant
maintains that the fees incurred for professional counseling
services for bank employees and the wages paid to absent

7

employees who were unable to work as a result of the robbery are not recoverable by the bank, and that, therefore, the total amount of restitution owed to Marion Center Bank is $1,481.00. After consideration, the court agrees.

As noted by defendant, an order of restitution shall require the payment of the cost of professional services, including psychiatric and psychological care, in the case of an offense resulting in bodily injury to a victim. *See* 18 U.S.C. § 3663A(b)(2)(A). However, in the present case, the victim of defendant's offense did not suffer bodily injury. Similarly, in the case of an offense resulting in bodily injury to a victim, an order of restitution shall require reimbursement of the victim for income lost by the victim as a result of the offense. *See* 18 U.S.C. § 3663A(b)(2)(C). Again, however, the victim of defendant's offense did not suffer bodily injury.

The court agrees with defendant that these expenses are properly classified as consequential damages, and that, as such, they are not recoverable as restitution. *See* Defendant's Position, pp. 9-10. Based on the foregoing, defendant's objection to the Probation Officer's calculation of restitution will also be sustained.

IV

With respect to the issue of whether defendant is entitled to a downward departure because a criminal history

8

category of IV significantly overrepresents the seriousness of his prior criminal history, the court declines to make a finding on the appropriateness of a downward departure at this time, and counsel will be given the opportunity to address this issue at the sentencing hearing.

William L. Standish
United States District Judge

cc:   Almon S. Burke, Jr., Esq.
      Assistant U.S. Attorney
      633 United States Courthouse
      Pittsburgh, PA  15219

      Marketa Sims, Esq.
      Assistant Federal Public Defender
      1001 Liberty Avenue
      1450 Liberty Center
      Pittsburgh, PA 15222

      Eric D. Bossart
      United States Probation Officer