1        IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

   _____

3

   UNITED STATES OF AMERICA

4
                        Plaintiff

5
            vs.          Criminal Action No. 05-1 Erie

6
   JAWUAN DUPREE LYONS

7
                        Defendant

8  _____

9

                  PROCEEDINGS

10
         Transcript of Change of Plea commencing on
11  Wednesday, June 22, 2005, United States District Court,
    Erie, Pennsylvania, before Honorable Maurice B. Cohill, Jr.,
12  District Judge.

13  APPEARANCES:

14  For the Government:        US Attorney's Office
                        By:  Christian Trabold, Esq.

15
    For the Defendant:        Federal Public Defender
16                      By:  Thomas Patton, Esq.

17                 Reported by:
                   Michael D. Powers, RMR
18                  Official Court Reporter
                   Room 5335 USPO & Courthouse
19                  Pittsburgh, Pennsylvania 15219
                   (412) 208-7572

20

21

22  Proceedings recorded by mechanical stenography.  Transcript
    produced by computer-aided transcription.
23

24

25

2

1            P R O C E E D I N G S

2  (Court convened on Wednesday, June 22, 2005, at 2:00 p.m.)

3        THE COURT:  Good afternoon.  Be seated, please.

4        MR. PATTON:  Good afternoon, Your Honor.

5        MR. TRABOLD:  Good afternoon, Your Honor.

6        THE COURT:  Mr. Patton, you represent Mr. Lyons, is

7  that right?

8        MR. PATTON:  Yes, sir.

9        THE COURT:  Would you gentlemen come forward,

10  please?  Will you administer the oath to Mr. Lyons.

11         THE CLERK:  Would you raise your right hand?

12              * * * * *

13         JAWUAN DUPREE LYONS, having first been duly sworn,

14  testified as follows:

15                    EXAMINATION

16  BY THE COURT:

17  Q    Would you state your name for the record, please.

18  A    Jawuan Dupree Lyons.

19  Q    Mr. Lyons, do you understand that now that you have been

20  sworn and your answers to my questions are being given under

21  oath, that you would be subject to the penalties of perjury

22  or of making a false statement if you don't answer

23  truthfully?  Do you understand that?

24  A    Yes.

25  Q    Will you state your full name again, please?

                                3

1   A    Jawuan Dupree Lyons.

2   Q    And what's your date of birth?

3   A    4-14-85.

4   Q    What is your address?

5   A    2205 Parade Street.

6   Q    In Erie?

7   A    Yes.

8   Q    How far did you go in school?

9   A    To tenth grade.

10      THE COURT:  Mr. Patton, have you been able to

11   communicate with your client in the sense that you believe he

12   understands you and you understand him?

13      MR. PATTON:  Yes, Your Honor.

14   BY THE COURT:

15   Q   Mr. Lyons, are you currently or have you recently been

16   under the care of a physician or a psychiatrist?

17   A   Yes.

18   Q   What kind of care?

19   A   Psychiatrist.

20   Q   What's he treating you for?

21   A   Anger.

22   Q   Anger?

23   A   Yes.

24   Q   Are you taking any medicine for that?

25   A   No.

4

1   Q   Have you been hospitalized or treated for a narcotic

2   addiction?

3   A   No.

4  Q   Have you been hospitalized or treated for alcohol abuse?

5  A   No.

6  Q   Have you been hospitalized or treated for any sort of

7  mental illness?

8  A   No.

9  Q   Are you under the influence of any narcotic drug,

10  medicine, pills or alcoholic beverage today?

11  A   No.

12  Q   Have you taken any drugs, medicines or pills, or drunk

13  any alcoholic beverages in the past twenty-four hours?

14  A   No.

15  Q   How do you feel physically and mentally right now?

16  A   I'm okay.

17  Q   Do you clearly understand exactly what's happening here

18  and now?

19  A   Yes.

20      THE COURT:  Do either of you attorneys have any

21  doubt as to Mr. Lyons' competence to plead at this time?

22      MR. PATTON:  No, sir, Your Honor.

23      MR. TRABOLD:  No, Your Honor.

24      THE COURT:  Based on the answers to the foregoing

25  questions, we find that Mr. Lyons is competent to plead.

5

1  BY THE COURT:

2  Q    Have you had an ample opportunity to discuss your case

3  with your lawyer?

4  A    Yes.

5  Q    Have you told Mr. Patton all of the facts in connection

6  with the charges?

7  A    Yes.

8  Q    Are you satisfied with the job that he has done for you?

9  A    Yes.

10  Q    I want to go over with you now what your rights would be

11  if you were to go to trial on this, Mr. Lyons.

12        Do you understand that under the Constitution and

13  laws of the United States, you are entitled to a speedy and

14  public trial by a jury on the charges contained in the

15  indictment?

16  A    Yes.

17  Q    Do you understand that you have the right to an attorney

18  at every stage of the proceedings in your case, and that if

19  at any time you can't afford an attorney, one would be

20  provided for you without charge?

21  A    Yes.

22  Q    Do you understand that at your trial, you would be

23  presumed to be innocent and the government would be required

24  to prove you guilty by competent evidence and beyond a

25  reasonable doubt to the satisfaction of the Judge and a

6

1  unanimous jury?

2  A    Yes.

3  Q    Do you understand that being presumed to be innocent

4  means that you would not have to prove that you were

5  innocent?

6  A    Yes.

7  Q    Do you understand that at the trial, the witnesses for

8  the government would have to come to court and testify in

9  your presence and your attorney or you could cross-examine

10  the witnesses for the government, object to evidence offered

11  by the government and offer evidence on your behalf?

12  A    Yes.

13  Q    Do you understand that at the trial, you would be

14  entitled to compulsory process to call witnesses, that is,

15  you could subpoena witnesses and compel them to come to court

16  and testify for you?

17  A    Yes.

18  Q    Do you understand that at the trial, you would have the

19  right to testify if you chose to do so, but you would also

20  have the right not to testify and no inference or suggestion

21  of guilt could be drawn from the fact that you did not

22  testify?

23  A    Yes.

24  Q    If you do enter a plea of guilty today, do you

25  understand that you will be waiving your right to a trial and

7

1  the other rights that I have just described, there will not

2  be a trial of any kind and I will enter a judgment of guilty

3  and sentence you on the basis of your guilty plea after

4  considering a presentence report?

5  A    Yes.

6  Q    If you do plead guilty, do you understand that you will

7  also have to waive your right not to incriminate yourself

8  since I will ask you questions about what you did in order to

9   satisfy myself that you are guilty and you will have to

10   acknowledge your guilt on the record?

11   A   Yes.

12   Q   Do you understand that any statements regarding the

13   offense that you may have made to the U.S. Attorney during

14   the course of any plea negotiations could not be used against

15   you in a trial of this case?

16   A   Yes.

17   Q   Having discussed these rights with you, is it still your

18   wish to enter a plea of guilty today?

19   A   Yes.

20   Q   Have you received a copy of the indictment in this case?

21   A   Yes.

22   Q   Have you gone over that with Mr. Patton?

23   A   Yes.

24   Q   Do you feel you understand clearly what you are being

25   charged with?

8

1   A   Yes.

2        THE COURT:  Just so it is clear on the record that

3   we have been over this, I am going to read it to you.

4        This states that the grand jury charges on or about

5    August 24th, 2004, in the County of Erie in the Western

6    District of Pennsylvania, the defendant, Jawuan Dupree Lyons,

7    did knowingly, intentionally and unlawfully possess with

8    intent to distribute and distribute five grams or more of a

9    mixture and substance containing a detectible amount of

10    cocaine base in the form commonly known as crack, a

11    Schedule II controlled substance, in violation of Title 21,

12    United States Code, Sections 841(a)(1) and 841(b)(1)(b)(iii).

13        Do you understand that charge?

14   A   Yes.

15   Q   Now I want to go over with you just what the government

16    would have to prove here if the case were to go to trial,

17    Mr. Lyons.

18        There are certain so-called elements of the case

19    that they have to prove beyond a reasonable doubt.  And,

20    first of all, that on or about the date set forth in the

21    indictment, that is, August 24th, 2004, that on or about that

22    date that you distributed or possessed with intent to

23    distribute the controlled substance charged in the

24    indictment.  Of course, that is crack cocaine.

25        Secondly, that you did this knowingly and

9

1   intentionally.

2        And, third, that cocaine base is a Schedule II

3   controlled substance.

4        And, fourth, that the mixture or substance

5   containing a detectible amount of cocaine base was five grams

6   or more.

7        That is what the government would have to prove.

8   Do you understand that?

9   A   Yes.

10   Q   Now, I want to talk to you about the possible penalties

11   here.  First of all are what the statute says making it

12   unlawful to possess this.

13        First of all, the statute calls for imprisonment of

14   not less than five years to a maximum of forty years, a fine

15   not to exceed $2,000,000, a term of supervised release of at

16   least four years.

17        And have you ever been convicted of a drug felony

18   before?

19   A   No.

20  Q    I won't bother going through what happens on a second

21  charge.

22        You also will be required to pay a $100.00 special

23  assessment on Count 1.  Do you understand that?

24  A    Yes.

25  Q    Now, have you and Mr. Patton talked about how the

10

1  sentencing guidelines might apply in your case?

2  A    Yes.

3  Q    The Supreme Court in January issued an order that said

4  that the Sentencing Guidelines are no longer binding on the

5  courts.  In other words, the courts aren't required to follow

6  them, but the courts are required to look at them in an

7  advisory way and we have to consider the guidelines when we

8  are imposing a sentence.

9        Have you and Mr. Patton talked about how the

10  sentencing guidelines might apply in your case?

11  A    Yes.

12  Q    Do you understand that I won't be able to determine what

13  guideline sentence applies in your case until after the

14  presentence report has been completed and you and the

15  government have had an opportunity to challenge any facts

16  that you might disagree with as reported by the Probation

17  Office?

18  A   Yes.

19  Q   Do you understand that the sentence might be different

20  from what either your attorney or the United States Attorney

21  predicted?

22  A   Yes.

23  Q   Do you understand that after it has been determined what

24  guidelines applies in the case, the Judge has the authority,

25  in some circumstances, to impose a sentence that's more

11

1   severe or less severe than the sentence called for by the

2   guidelines?

3   A   Yes.

4   Q   Do you understand that under some circumstances, you or

5   the government may have the right to appeal any sentence that

6   I might impose?

7   A   Yes.

8   Q   Do you understand that parole has been abolished and

9    that if you were sentenced to prison, you would not be

10   released on parole?

11   A    Yes.

12   Q    One of the things you are charged with, or the thing you

13   are charged with here says that you did possess with intent

14   to distribute, that you did this knowingly, and knowingly has

15   a certain meaning in the law.  I just want to go over that

16   briefly with you.

17          The term knowingly means to act voluntarily and

18   deliberately rather than mistakenly or inadvertently.

19          Do you understand that?

20   A    Yes.

21   Q    Now, Mr. Lyons, has anyone threatened you, or anyone

22   else, or forced you in any way to indicate that you want to

23   plead guilty in this case?

24   A    No.

25          THE COURT:  Has he made any confession or

                              12

1    admissions to the police or other representatives of the

2    government concerning this matter, Mr. Patton?

3      MR. PATTON:  Yes, Your Honor, he did give a

4   statement.

5   BY THE COURT:

6   Q   Mr. Lyons, if you feel that your statement was not

7   freely and voluntarily made, you are entitled to have what we

8   call an evidentiary hearing, or what's sometimes called a

9   suppression hearing prior to trial, to have the Court

10   determine if the confession or admission or statement was

11   freely and voluntarily made.

12          Would you like me to conduct a hearing like that?

13   A   No.

14          THE COURT:  And I take it there has been a plea

15   agreement entered into here, Mr. Trabold?

16          MR. TRABOLD:  There is not a plea agreement, Your

17   Honor.

18          THE COURT:  Okay.

19   BY THE COURT:

20   Q   Do you understand, Mr. Lyons, that any recommendation of

21   sentence that might have been agreed to by your lawyer and

22   the prosecution, or any agreement by the government not to

23   oppose your attorney's requested sentence, is not binding on

24   me and you might, on the basis of your guilty plea, receive

25  up to the maximum sentence permitted by law?

13

1  A   Yes.

2  Q   Do you understand that?

3  A   Yes.

4  Q   Do you understand that if I choose not to impose a

5  sentence that might be recommended by the prosecutor or by

6  your lawyer and impose a more severe sentence, you would not,

7  therefore, be entitled to withdraw your guilty plea?

8  A   Yes.

9  Q   Has anyone made any prediction or promise to you as to

10  what your sentence will be?

11  A   No.

12  Q   Have any out-of-court promises, representations or

13  agreements been made which require you to respond

14  untruthfully to any of my questions?

15       For instance, has anyone told you to tell me that

16  no promise of leniency was made when, in fact, a promise was

17  so made?

18  A   No.

19  Q    Do you understand that you may not, at a later date

20  after today, claim that there were any promises,

21  representations, agreements, understandings or threats made

22  by any person that motivated or caused you to enter this plea

23  other than those that you have the opportunity to tell me

24  about here and now in open court?  Do you understand that?

25  A    Yes.

14

1   Q    Do you understand that no one can make any promises for

2   me as to how I will dispose of a case?

3   A    Yes.

4   Q    Has anyone promised or predicted leniency with respect

5   to any sentence that I might impose?

6   A    No.

7   Q    This is very important, because if anyone has predicted

8   or promised leniency, I am putting you on notice right now

9   that any representation they may have made is not binding on

10  me and I will sentence you according to my own conscience in

11  following the law.

12          Do you completely understand this?

13  A    Yes.

14  Q    What made you decide to plead guilty, Mr. Lyons?

15  A    I just want to do my time.

16  Q    Are you admitting that you are guilty?

17  A    Yes.

18        THE COURT:  I am going to ask Mr. Trabold to tell

19  me what the government expects to be able to prove here, and

20  I am going to ask you if you agree with his statement.

21        MR. TRABOLD:  Your Honor, on August 24th, 2004, a

22  confidential informant working with the Eagle Task Force

23  purchased a quantity of crack cocaine from Mr. Lyons.  The

24  transaction was essentially recorded by the confidential

25  informant and a review of the recording is highly

15

1  incriminating.

2        Mr. Lyons was subsequently questioned by members of

3  the Eagle Task Force and provided an incriminating statement.

4  The quantity of crack cocaine provided by Mr. Lyons to the

5  confidential informant was submitted to the Pennsylvania

6  State Police Crime Lab for analysis and weighed a total

7  amount of 20.6 grams and tested positive as crack cocaine.

8   BY THE COURT:

9   Q   Is that a fair statement of what happened here,

10  Mr. Lyons?

11  A   Yes.

12  Q   Reviewing all the things that we have discussed here

13  today, is it still your wish to enter a plea of guilty and

14  waive your right to a trial by jury?

15  A   Yes.

16      THE COURT:  Mr. Patton, from the facts that he has

17  told you, do you concur in his plea of guilty?

18      MR. PATTON:  Yes.

19      THE COURT:  Do you know of any reason that he

20  should not plead guilty?

21      MR. PATTON:  No, sir.

22  BY THE COURT:

23  Q   Do you have any question to ask me, Mr. Lyons?

24  A   No.

25  Q   Since you do acknowledge that you are, in fact, guilty

16

1   as charged in Count 1 and based on our discussion today, I

2   find that you know your right to a trial, what the maximum

3   possible punishment is, and that you are voluntarily pleading

4   guilty and I will accept your guilty plea and enter a

5   judgment of guilty on your plea.  And we will ask you to sign

6   the endorsement.

7        We note that Mr. Lyons has signed the endorsement

8   indicating that he's withdrawing his plea of not guilty

9   entered in January of this year and is now pleading guilty to

10  the charge.

11       Mr. Lyons, I am going to order a presentence

12  report, and the gentleman over there at the counsel table is

13  Mr. Condi.  He is from the Probation Department and he will

14  be preparing that report.  I urge you to answer his questions

15  to the best of your ability because what's in that report is

16  going to be important as to what the sentence will be.

17       Do you understand that?

18  A   Yes.

19       THE COURT:  I have been given a sentencing date of

20  October 5th, 2005, at ten o'clock a.m.  Wednesday, October

21  5th, ten a.m.

22       Does the government have any objection to present

23  bond being continued?

24        MR. TRABOLD:  Yes, Your Honor.  I would ask that

25   Mr. Lyons be incarcerated today because the statute requires

17

1   it.

2        Plus, it is my understanding that he has a summary

3   conviction while out on release in this case in the Court of

4   Common Pleas.  I know, at a minimum, he was charged with

5   resisting arrest and we sought the revocation of his bond

6   previously, which request was denied.

7        But, subsequent to that request, I believe he has

8   been convicted of a summary offense in the Court of Common

9   Pleas.

10        MR. PATTON:  Your Honor, Mr. Lyons, he pled to a

11   summary disorderly conduct.  It was a fine.  Judge Baxter did

12   not revoke his bond when the government asked for that

13   revocation.

14        Now, at that time, he had just been charged.  He

15   hadn't been convicted, but he was fined and ordered to

16   undergo anger management counseling, which he is in the

17   process of doing now.  That's what Mr. Lyons referred to when

18   Your Honor was asking him earlier about his care with the

19  psychiatrist.  And I believe under the statute, you do have

20  the ability to still make a finding that, in this particular

21  case, release is appropriate.

22      Since the bond revocation hearing, there has been

23  no problems with Mr. Lyons.  He has been reporting and he has

24  been going to his anger management classes, and we would ask

25  that you allow him to stay on bond so he can continue with

18

1  you those classes.

2      THE COURT:  If I have your word that you will abide

3  by the law and continue to attend these anger management

4  classes, I am going to let you stay out on bond, but you will

5  have to really obey all the laws and do what the Pretrial

6  Services has to say to you.  Do I have your word on that?

7      MR. LYONS:  Yes.

8      THE COURT:  Okay.  We will see you on October 5th.

9      MR. PATTON:  Thank you, Your Honor.

10  (Court adjourned on Wednesday, June 22, 2005, at 2:35 p.m.)

11

12          * * * * *

13          I certify that the forgoing is a correct transcript

14    from the record of proceedings in the above-entitled matter.

15

16                        S/Michael D. Powers
                         Michael D. Powers
17                        Official Reporter

18        *****NOT CERTIFIED WITHOUT ORIGINAL SIGNATURE*****

19

20

21

22

23

24

25