NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4604

UNITED STATES OF AMERICA

v.

JAWUAN DUPREE LYONS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 05-CR-00001
District Judge: The Honorable Maurice B. Cohill, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2006

Before: SMITH, WEIS, and NYGAARD

(Filed: October 30, 2006 )
_____

OPINION
_____

SMITH, *Circuit Judge*.

Jawaun Lyons pled guilty to a one count indictment charging him with possession with intent to distribute five or more grams of cocaine base under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). He appeals the 70-month judgment of sentence entered by the United

States District Court for the Western District of Pennsylvania.

On appeal, Lyons presents two issues for review.[1] First, he asserts that the District Court erred in attributing additional criminal history points to him under U.S. Sentencing Guideline § 4A1.2(d)(2)(A) based on his placement in a residential school following an adjudication of delinquency. Second, he argues that his 70-month sentence, which was ten months longer than the mandatory minimum provided by the statute, is unreasonable because, under 18 U.S.C. § 3553(a), it is greater than necessary to achieve the purposes of sentencing.

We review de novo the question of whether the District Court properly applied the advisory sentencing guidelines in calculating Lyons' criminal history score. *United States v. Batista De La Cruz*, 460 F.3d 466, 468 (3d Cir. 2006). The propriety of Lyons' sentence is evaluated under the rubric of reasonableness. *United States v. Booker*, 543 U.S. 220, 264 (2005); *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Prior to his sentencing in the District Court, Lyons had been adjudicated delinquent twice and, on the second occasion, was ordered committed to the Glen Mills School, a private residential facility designed to rehabilitate juvenile delinquents. The state court issued the order of commitment on December 13, 2001, and he was released from the school on January 15, 2003. The presentence investigation report attributed 20.6

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

grams of cocaine base to him, resulting in a total offense level of 25, after deductions for acceptance of responsibility. The report included a two-point addition under § 4A1.2(d)(2)(A) to compute a criminal history category of III. Based on a total offense level of 25 and criminal history category of III, his guideline range was 70-87 months.

Lyons' assertion that his placement at Glen Mills is not a proper basis for the two-point criminal history score enhancement found in § 4A1.2(d)(2)(A) is contrary to the established law of this circuit. In *United States v. Davis*, 929 F.2d 930 (3d Cir. 1991), this court upheld the assignment of two criminal history points under § 4A1.2(d)(2)(A) for the defendant's prior juvenile adjudications which resulted in his commitment to the Glen Mills School. *Id.* at 932. Although Davis' primary assertion was that his several confinements to the school should not have been counted under § 4A1.2(d)(2)(A) because they were indeterminate sentences, the court clearly confirmed the basic principle that commitments such as these were encompassed within the term "sentence of confinement" in § 4A1.2(d)(2)(A). Our sister circuits also classify time spent in similar institutions as a "sentence of confinement." *See United States v. Williams*, 891 F.2d 212, 216 (9th Cir. 1989) ("Because of the deprivation of liberty, we find that commitment to juvenile hall is a form of confinement and therefore comes within § 4A1.2(d)(2)(A) of the guidelines."); *see also United States v. Wilson*, 41 F.3d 1403, 1404 (10th Cir. 1994); *United States v. Unger*, 915 F.2d 759, 761 n.3 (1st Cir. 1990); *United States v. Hanley*, 906 F.2d 1116, 1120 (6th Cir. 1990). Consequently, the District Court did not err in attributing two points to Lyons' criminal history score because of his time at Glen Mills.

3

With respect to Lyons' second argument, although he did raise the issue of whether a 70-month sentence was unreasonable in light of his circumstances, he did not ask the District Court to consider the implications for him of the 100:1 powder-to-crack ratio. Thus, we review this claim for plain error. *See* FED. R. CRIM. P. 52(a); *Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001).

Lyons asked the court at sentencing to consider the fact that he had never before been incarcerated for his infractions, and that the statutory mandatory minimum of 60 months represented a sufficiently lengthy sentence to achieve the retributive, deterrent, and rehabilitative goals of sentencing. He did not expressly request that the court consider the powder-to-crack disparity, the principal theory he advances here.

In pronouncing sentence, District Judge Cohill considered the arguments as to § 4A1.2(d)(2)(A) and the § 3553(a) factors, and explained that "Mr. Lyons does not have a good past record even though he has not been sentenced to a prison facility other than Glen Mills before this ... and I think that a sentence within the guidelines is appropriate." The evidence before the Court showed that following his release from Glen Mills, Lyons quickly accumulated a number of additional offenses, primarily for disorderly conduct. The record also reflected that Lyons had tested positive for drug use on multiple occasions while released on bond pending resolution of this case.

It is not necessary for a sentencing judge to engage in a rote recitation of the § 3553(a) factors, provided that the record reflects that all of the factors are clearly

considered in rendering the sentence. *Cooper*, 437 F.3d at 329; *accord United States v. Parker*, --- F.3d ----, 2006 WL 2493033 (3d Cir. Aug. 30, 2006). The record establishes that Judge Cohill thoroughly reviewed Lyons' record and gave due consideration to all of the § 3553(a) factors. Thus, even under the more lenient *Booker* reasonableness standard, there was no error.

    For the foregoing reasons, we conclude that the District Court's sentence is not unreasonable, and we will affirm its judgment.