IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 05-1 Erie |
| | ) |
| JAWUAN DUPREE LYONS | ) |

**DEFENDANT JAWUAN DUPREE LYONS' UNOPPOSED MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)
WITH CITATION OF AUTHORITY**

AND NOW, comes the defendant, Jawuan Dupree Lyons, by his attorney, Thomas W.
Patton, Assistant Federal Public Defender, and respectfully files this Unopposed Motion for
Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) with Citation of Authority, seeking a
reduction in the sentence imposed in the above-captioned case on October 5, 2005.  This motion
is based upon the within argument and authority, all files and records in this case, and such
further argument and evidence as may be presented at the hearing on this motion.

**I.  INTRODUCTION**

This Court sentenced Jawuan to a term of imprisonment of 70 months for an offense
involving 20.6 grams of cocaine base.  This sentence was imposed pursuant to the Guidelines
range as computed under the United States Sentencing Guidelines as they existed at that time.
Jawuan's base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine
quantity of 20.6 grams was 28.  After reducing the offense level for acceptance of responsibility,
Jawuan's final offense level was 25.  With a Criminal History Category of  III, Jawuan's
corresponding guideline imprisonment range was 70 to 87 months.  The Court imposed a
sentence of 70 months to be followed by 4 years of supervised release.

Subsequently, the United States Sentencing Commission amended §2D1.1 of the United States Sentencing Guidelines to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment").  See USSG, Supp. to App. C., Amdt. 706. This amendment generally reduces by two levels the base offense levels applicable to cocaine base.  The Crack Amendment became effective November 1, 2007.  Id.

The Crack Amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing Guidelines.  See generally United States Sentencing Commission, *Report to Congress:  Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, *Report to Congress:  Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress:  Cocaine and Federal Sentencing Policy* (Feb. 1995). See also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports).  Yet the amendment is only a partial response, as the Sentencing Commission itself recognized.  The Commission explained:

> The Commission however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, supra, at 10.

On December 11, 2007, the Sentencing Commission made the Crack Amendment

retroactive under the authority created by 18 U.S.C. § 3582(c)(2).  The Sentencing Commission

did this by including the amendment to § 2D1.1 in the list of retroactive amendments in § 1B1.10

of the guidelines, which took effect on March 3, 2008.  See 73 Fed. Reg. 217-01 (2008); USSG §

2B1.10 (Supp. March 3, 2008).

On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing

order appointing the Federal Public Defender for the Western District of Pennsylvania to

represent any defendant sentenced in this district who might be eligible for a reduction of

sentence pursuant to 18 U.S.C. § 3282(c)(2) based upon the retroactive application of the Crack

Amendment.

Based on the retroactivity of the Crack Amendment, the statutory authority underlying it,

and the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005); Rita v.

United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); and

Kimbrough v. United States, supra, Jawuan brings this motion to reduce his sentence.

## II.  Argument

**Jawuan's offense level should be reduced from 25 to 23, and the Guidelines range reduced from 70 to 87 months to 60 to 71 months, based on the Amendment to § 2D1.1.**

Title 18, United States Code, section 3582(c)(2) states in relevant part:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[1], upon motion of the defendant . . .

---

[1]  This statute provides that the Sentencing Commission "periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."  28 U.S.C. § 994(o).  It further directs the Commission to "consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system."  Id.  It also provides that various

3

the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. One of the amendments which is listed is Amendment 706, as amended by Amendment 711, to the guidelines is the Crack Amendment, which reduced the base offense level for crack cocaine offenses. See USSG § 2B1.10 (Supp. March 3, 2008).[2]

Because the Crack Amendment has been made retroactive and Jawuan's sentence was based on a pre-Amendment drug quantity table, 18 U.S.C. § 3582(c) allows this Court to review and reduce, as warranted by the factors set forth in 18 U.S.C. § 3553(a), Jawuan's sentence. At the time of Jawuan's initial sentencing, his base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of 20.6 grams was 28. His offense level after a 3-level reduction for acceptance of responsibility was 25. An offense level 25 and a criminal history category III resulted in a guideline imprisonment range of 70 to 87 months. The Court imposed a sentence of 70 months.

Application of the Crack Amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 28 to 26, and a decrease in the final offense

representatives of the Federal criminal justice system shall submit their observations, comments, and questions to the Commission. See Id.

[2]This amendment is not listed in the November 1, 2007 Guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. See United States Sentencing Commission News Release dated December 11, 2007, available at http://www.USSG.gov/PRESS/rel121107.htm. See also 73 Fed. Reg. 217-01 (2008).

4

level from 25 to 23.  As reflected in USSG, Ch. 5, Pt. A, with a criminal history category of III, the resulting Guidelines term of imprisonment is now reduced from 70 to 87 months to 57 to 71 months.  Because Jawuan's offense involved more than 5 grams of cocaine base, a 5-year mandatory minimum sentence applies, making the guideline imprisonment range 60 to 71 months.  A proportional reduction of Jawuan's sentence would be 51 months.  However, due to the mandatory minimum, Jawuan's sentence cannot be lower than 60 months.  Accordingly, this Court should reduce Jawuan's sentence to 60 months.

**Assistant United States Attorney Marshall J. Piccinini has informed undersigned counsel that the United States agrees that Jawuan's sentence should be reduced to 60 months.**

### III.  Conclusion

The Court should adjust Jawuan's sentencing guideline range downward to 60 to 71 months.  The Court should then impose a sentence of 60 months imprisonment followed by 4 years of supervised release.  A proposed Order, in the form approved of by the Administrative Office of the United States Courts, is attached hereto.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
Attorney I.D. No. 88653